IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMIR HAKIM MCCAIN, | ) | |
| Plaintiff | ) | C.A. 17-194 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Baxter |
| JOHN E. WETZEL, et al., | ) | |
| Defendants. | ) | |

**OPINION AND ORDER[1]**

United States Magistrate Judge Susan Paradise Baxter.

I. **INTRODUCTION**

A. **Relevant Procedural and Factual History**

On July 18, 2017, Plaintiff Amir Hakim McCain, an inmate incarcerated at the State Correctional Institution at Forest in Marienville, Pennsylvania ("SCI-Forest"), filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against Defendants John E. Wetzel, Secretary of the Pennsylvania Department of Corrections ("Wetzel"); Michael Overmyer, Superintendent at SCI-Forest ("Overmyer"); Corrections Officer Hetrick ("Hetrick"); and Major Paul Ennis ("Ennis").

In his *pro se* complaint, Plaintiff alleges that Defendants subjected him to sexual harassment in violation of his constitutional rights. In particular, Plaintiff alleges that, while he was taking a shower on the morning of October 26, 2016, Defendant Hetrick "came

---

[1] All parties have consented to having a United States Magistrate Judge exercise jurisdiction over this matter. [ECF

1

two times and stood directly in front of the shower informing plaintiff that he must see plaintiff's 'legs' as plaintiff was naked in the shower washing" (ECF No. 6, Complaint, at ¶ 4). In addition, Plaintiff alleges that (i) Defendant Ennis issued "a 'memo' deviating from PREA policy instructing defendant Hetrick to inform [Plaintiff] to not cover the shower doors that has [sic] been altered by defendant Ennis" so as to expose Plaintiff's naked body (Id. at ¶ 5); (ii) Defendant Overmyer was "fully aware that defendant Ennis altered the shower doors that exposed plaintiff's naked body bathing before the female[] staff, male[] staff and inmates," yet did nothing to correct the situation (Id. at ¶ 6); and (iii) Defendant Wetzel "failed to come at [sic] SCI-Forest to correct a wrong by those defendants," after Plaintiff wrote to him and asked him to inspect the "altered shower doors on AA-unit" (Id. at ¶ 8).

The foregoing claims are all deemed to implicate the eighth amendment to the United States Constitution.[2] In addition, Plaintiff claims that the alleged action of Defendants Overmyer and Wetzel were taken in retaliation for Plaintiff's previous lawsuits against them at McCain v. Wetzel, Civil Action No. 1:12-cv-0789, and McCain v. Wetzel, Civil Action No. 1:15-cv-079.

---

Nos. 2, 18].

2
To the extent Plaintiff may be claiming a Fourth Amendment violation, the United States Constitution "does not mention an explicit right to privacy and the United States Supreme Court has never proclaimed that such a generalized right exists." Doe v. Luzerne County, 660 F.3d 169, 175 (3d Cir. 2011). Moreover, "Given the realities of institutional confinement, any reasonable expectation of privacy that a detainee retains is of a diminished scope." Bell v. Wolfish, 551 U.S. 520, 557 (1979). It has been recognized that incarceration brings about a diminishment of an individual's reasonable expectation of privacy because of penological and security interests. Doe v. Delie, 257 F.3d 309, 316–17 (3d Cir. 2001); Davis v. Butcher, 853 F.2d 718, 720 (9th Cir. 1988). Further, institutional security requires that prison officials be able to monitor the activities of prisoners. For example, in Miller v. Spaulding, 2015 WL 2357115 (M.D. Pa. May 15, 2015), the court held that requiring prisons to create an area within each individual cell, to provide inmates privacy for the toilet area, which could not be visually monitored by correctional staff would clearly pose an obvious threat to security and the safety of both prison staff and prisoners. In light of this authority, Plaintiff's allegations in this case do not rise to the level of a Fourth Amendment violation.

(Id. at ¶¶ 6, 9). As relief for his claims, Plaintiff seeks monetary damages.

On November 27, 2017, Defendants filed a motion to dismiss [ECF No. 19], arguing that Plaintiff has failed to state a claim upon which relief may be granted. Despite having been granted ample time to do so, Plaintiff has failed to file a response to Defendants' motion. This matter is now ripe for consideration.

**B.     Standards of Review**

**1.     Motion to Dismiss**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). See also Ashcroft v. Iqbal, 556 U.S. 662, 678 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a

court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). A Plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C.Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

The Third Circuit subsequently expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

### 2.     *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) ("petition prepared by a prisoner... may be inartfully drawn and should be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997) (overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990) (same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C.     Discussion

#### 1.     Eighth Amendment Claims

Although the Third Circuit Court has not specifically addressed the circumstances in which a corrections officer may be held liable for sexual harassment of an inmate, other circuits have addressed the issue, as detailed by the Honorable Cynthia Eddy in the recent case of Washington v. Hoffman, 2017 WL 4508859 (W.D.Pa. Sept. 25, 2017):

> "To prevail on a constitutional claim of sexual harassment, an inmate must ... prove, as an objective matter that the alleged abuse or harassment caused 'pain' and, as a subjective matter, that the officer in question acted with a sufficiently culpable state of mind,'" quoting Freitas v. Vault, 109 F.3d 1335, 1338 (8th Cir. 1997). Although sexual abuse of a prisoner by a correctional officer serves no legitimate penological purpose, **Courts of Appeals have held that sexual harassment in the absence of contact or touching does not establish an Eighth Amendment violation**. See, e.g., Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000). **Verbal harassment, including lewd comments, sexual propositioning, and the like, is not sufficient to satisfy the objective element of an Eighth Amendment sexual harassment claim**. Manon v. Garrison, 2012 WL 3542328 (M.D. Pa. Aug. 15, 2012). Rather, physical sexual assault or threats of physical assault is required for the objective element to be met. Chambliss v. Jones, 2015 WL 328064 (M.D. Pa. Jan. 26, 2015). Other courts in this circuit have indicated that an inmate can only state an Eighth Amendment claim against a correctional officer for sexual harassment by alleging severe or repetitive sexual abuse. See, e.g., Miller v. Coning, 2011 WL 2708649 (D. Del. Jan. 12, 2011); Harris v. Zappan, 1999 WL 360203 (E.D. Pa. May 28, 1999). Under this standard, **"a single isolated incident of sexual harassment that is not in and of itself severe" cannot support a cognizable Eighth Amendment claim**. Robinson v. Danberg, 729 F.Supp.2d 666 (D. Del. 2010), citing Boddie v. Schneider, 105 F.3d 857 (2d Cir. 1997) (bumping and pressing whole body against inmate not sufficiently serious to satisfy objective component) and Berryhill v. Schriro, 137 F.3d 1073 (8th Cir. 1998) (grabbing buttocks not sufficiently serious to satisfy objective component); Baylor v. Pennsylvania Department of Corrections, 2013 WL 5177573 (M.D. Pa. Sept. 13, 2013) citing Jackson v. Madery, 158 Fed. Appx. 656, 661-62 (6th Cir. 2005) (allegation of rubbing and grabbing of buttocks in degrading manner not sufficiently serious) and Morales v. Mackalm, 278 F.3d 126, 132 (2d Cir. 2002) (asking inmate to have sex and masturbating in front of inmate not sufficiently serious); Jones v. Culinary Manager II, 30 F. Supp.2d 491, 497 (E.D. Pa. 1998) (grinding on buttocks with penis while threatening to have sex with inmate not sufficiently serious).

Id. at *3 (emphasis added).

Here, Plaintiff merely alleges that Defendant Hetrick made what Plaintiff perceived to be sexually suggestive comments while he was allegedly looking at Plaintiff in the shower. In

6

addition, Plaintiff alleges that Defendant Ennis altered the shower doors on Plaintiff's unit to allow Plaintiff's nakedness to be exposed, while Defendants Overmyer and Wetzel did nothing to correct the situation. Clearly, the conduct alleged by Plaintiff pales in comparison to the conduct alleged in the foregoing litany of cases, none of which was found sufficient to state a cognizable Eighth Amendment claim. Accordingly, Plaintiff's Eighth Amendment claims will be dismissed.

### 2. Retaliation Claims v. Defendants Overmyer and Wetzel

Prisoners alleging retaliation for exercising their First Amendment rights must show three elements: (1) the conduct leading to the retaliation was constitutionally protected; (2) the prisoner endured an adverse action by prison officials; and (3) the exercise of a constitutional right was a substantial or motivating factor in the alleged retaliatory action. Rauser v. Horn, 241 F.3d 330, 333–34 (3d Cir. 2001). If a prisoner shows the three retaliation elements, prison officials "may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Id. at 334.

Defendants argue, *inter alia*, that the alleged conduct of Defendants Overmyer and Wetzel would not qualify as "adverse" and, thus, Plaintiff cannot satisfy the second prong of a *prima facie* retaliation claim. The Court agrees. In order for an action to qualify as "adverse" under the second prong, it must be "sufficiently serious 'to deter a person of ordinary firmness from exercising his constitutional rights.'" Walker v. Mathis, 665 Fed. Appx. 140, 143 (3d Cir. 2016), quoting Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003). It "need not be great in order to be actionable" but must be "more than *de minimis*." McKee v. Hart, 436 F.3d 165, 170 (3d Cir. 2006) (internal quotations and emphasis omitted). See also Walker, 665 Fed. Appx. at 143 (temporary removal from work

privilege and two days of prison wages not adverse action); Brightwell v. Lehman, 637 F.3d 187, 194 (3d Cir. 2011) (charging prisoner with misconduct that was later dismissed not an adverse action); Verbanik v. Harlow, 512 Fed. Appx. 120, 122–23 (3d Cir. 2013) (transfer to a less desirous cell and being locked up in the shower for two hours on one occasion not adverse act).

Here, Plaintiff alleges that Defendants Overmyer and Wetzel failed and/or refused to take action to rectify the shower doors in Plaintiff's unit after Plaintiff expressed his concerns that the doors exposed his nakedness. Such alleged action, or inaction, by Defendants Overmyer and Wetzel could only be considered "adverse" in the sense that Plaintiff was not satisfied with their lack of response to something he perceived to be a problem, and was not of the type that would "deter a person of ordinary firmness from exercising his constitutional rights." Thus, Plaintiff's retaliation claim will be dismissed, accordingly.

An appropriate Order follows.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: March 8, 2018